[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTIONS TO STRIKEDEFENDANTS' SPECIAL DEFENSES
This is a foreclosure action brought by the plaintiff Jane Cable to foreclose on a mortgage which secures a note originally made by David R. Turner and Alida A. Turner. After a series of transfers and conveyances, the mortgaged property is now in the possession of the defendants Gloria Gilbert and Andre J. Gilbert (Gilberts). The other defendant in this case is The Glastonbury Bank and Trust Company (Glastonbury), the holder of a mortgage from the Gilberts.
Glastonbury has filed a special defense in which it claims that the mortgage is void and unenforceable "due to the Doctrine of Laches, or alternatively, abandonment, in that the Plaintiff did not act to learn the successive owners' identities, amount of other encumbrances or other important facts, and made no demand upon the original obligor or present owners of the equity of redemption for a long and substantial period of time." The Gilberts raise exactly the same claims in their first special defense. CT Page 8266
The plaintiff has filed motions to strike Glastonbury's special defense and the Gilberts' first special defense of laches and/or abandonment on the ground that they fail to state a claim for which relief can be granted. The defendants oppose the plaintiff's motions to strike and claim that the plaintiff's motions must fail because the plaintiff's briefs reference facts outside the pleadings and, therefore, amount to improper "speaking" motions to strike.
A motion to strike properly test the legal sufficiency of a pleading and admits all facts well pleaded. See Ferrymanv. Groton, 212 Conn. 138, 142 (1989). In ruling on a motion to strike, the court must view the complaint in a light most favorable to the pleading party. Id.
While the defendants are correct in asserting that the plaintiff improperly references facts outside of the pleadings in her supporting brief, this alone does not relieve the defendants of the necessity of properly pleading their special defenses.
Both defendants have failed to do so. When alleging the defense of laches, the burden of proof is on the party alleging laches to establish that defense. Cummings v. Tripp,204 Conn. 67, 68 (1987). "Laches consists of two elements. First, there must have been a delay that was inexcusable, and, second, the delay must have prejudiced the defendant." (Citation omitted; internal quotation marks omitted.) Emerickv. Emerick, 28 Conn. App. 794, 803-804 (1992).
A review of the language of the defendants' special defenses, quoted above, indicates that the defendants have failed to properly plead the special defense of laches. Even viewing the language in the light most favorable to the pleader and drawing proper inferences therefrom, the defendants have not alleged inexcusable delay that was prejudicial.
In the alternative, the defendants also raise the special defense of abandonment. "To constitute an abandonment there must be an intention to abandon or relinquish accompanied by some act or omission to act by which such intention is manifested." Glotzer v. Keyes, 125 Conn. 227, 233 (1939). Defendants merely use the word "abandonment" in their special CT Page 8267 defense and do not allege facts sufficient to demonstrate that the plaintiff intentionally gave up her right to foreclose the subject property.
For the reasons stated above, the plaintiff's motion to strike Glastonbury's special defense and the plaintiff's motion to strike Gilberts' first special defense are granted.
HENDEL, J.